UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLAN DIETZEL,

         Plaintiff,                 Civil Action No. 11-13377

         v.                      HON. MARK A. GOLDSMITH
                                 MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY

         Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE
COMMISIONER'S FINDINGS AND CONCLUSIONS**

**I.  INTRODUCTION**

This matter is presently before the Court on the Report and Recommendation ("R&R") of

Magistrate Judge Mark A. Randon, entered on June 13, 2012 (Dkt. 18).  The Magistrate Judge

recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 11), grant

Defendant's motion for summary judgment (Dkt. 15), and affirm the Commissioner's findings

and conclusions.  Plaintiff has filed objections to the R&R (Dkt. 21), and Defendant has filed a

response (Dkt. 23).  The Court has reviewed the briefings and, for the following reasons, accepts

and adopts the R&R.

**II.  BACKGROUND**

Plaintiff applied for Disability Insurance and Supplemental Security Income benefits on

October 15, 2009.  Plaintiffs' application was denied by the Commissioner, and on March 3,

2011, Plaintiff appeared with counsel before Administrative Law Judge ("ALJ") Jessica Inouye. The ALJ found that Plaintiff was not disabled in a decision dated March 16, 2011. Administrative Proceeding Transcript ("Tr.") 9 (Dkt. 7).  On July 21, 2011, the Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1.

The Court reviews de novo those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Plaintiff has waived the right to file all other objections not specifically mentioned.  Thomas v. Arn, 474 U.S. 140 (1985).  Plaintiff raises two objections.  First, Plaintiff argues that the residual functional capacity ("RFC") determination and hypothetical questioning failed to account for the Plaintiff's moderate difficulties in concentration, persistence or pace.  Second, Plaintiff argues that the RFC determination is not supported by the evidence of record because the ALJ failed to consider a medical opinion.

### III. DISCUSSION

#### a.  Limitations in Concentration, Persistence, or Pace

"In order for a vocational expert's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments."  Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 516 (6th Cir. 2010).  In his motion for summary judgment, Plaintiff argued that the ALJ's hypothetical question posed to the vocational expert ("VE") – and by extension the ALJ's subsequent RFC determination – did not account for Plaintiff's "moderate" limitation in concentration, persistence or pace, social interaction, and adaptive functioning.  As the Magistrate Judge described, "the ALJ found that Plaintiff suffered from 'marked' (Tr. 16) restrictions in concentration, persistence and pace (Tr. 16) if Plaintiff

2

continued abusing alcohol, but that Plaintiff would only be 'moderate[ly]' (Tr. 19) restricted in concentration, persistence and pace if Plaintiff stopped abusing alcohol." R&R at 4. Plaintiff argued that the ALJ's hypothetical limiting Plaintiff to "non-production oriented . . . simple, routine, and repetitive . . . unskilled . . . low stress . . . and no decision making required" work did not fully account for Plaintiff's moderate difficulties in concentration, persistence, or pace.

The Magistrate Judge rejected this argument, concluding that although the ALJ's hypothetical did not explicitly refer to a "moderate limitation in concentration, persistence, or pace," a careful examination of the entire record upon which the ALJ based her hypothetical reveals that the hypothetical accurately reflected her view of Plaintiff's limitations. Plaintiff's first objection, as the Court understands it, is that the Magistrate Judge only examined whether a hypothetical that fails to explicitly refer to a "moderate limitation in concentration, persistence, or pace" could be proper. Plaintiff states that he objects to the Magistrate Judge's description of Plaintiff's argument, which he argues is an incomplete, and thus inaccurate, statement of his original argument. The Magistrate Judge wrote: "Plaintiff's first argument is that the ALJ's hypothetical (and ultimate RFC) was inaccurate because it failed to explicitly state that Plaintiff was 'moderately' limited in concentration, persistence and pace, social interaction and adaptive functioning." R&R at 9. However, argues Plaintiff, the Magistrate Judge failed to determine in the instant case whether, in light of the limitation's absence from the hypothetical, the ALJ actually accounted for Plaintiff's moderate limitation in concentration, persistence, and pace.

The Court concludes that the Magistrate Judge fully addressed Plaintiff's contentions. The Magistrate Judge explained that in some cases, courts ordered remand where an ALJ's hypothetical did not include a specific reference to moderate limitations in concentration or pace, and in other cases, courts found that an ALJ formed an accurate hypothetical by limiting the

3

claimant to unskilled work and omitting a moderate concentration or pace limitation.  R&R at

10.  The Magistrate Judge explained that

> there is no bright-line rule requiring remand whenever an ALJ's hypothetical
> includes a limitation of "unskilled work" but excludes a moderate limitation in
> concentration.   Rather, this Court must look at the record as a whole and
> determine if substantial evidence supports the ALJ's RFC.

Id. at 11.

As the Magistrate Judge concluded, the record as a whole indicates that the ALJ did in

fact consider Plaintiff's moderate limitation in concentration or pace and accounted for such

limitation in the fashioning of the hypothetical.  The Magistrate Judge concluded:

> In this case, the ALJ's limitation of simple, routine, and repetitive work activities
> in a stable work environment accurately reflects Dr. Marshall's opinion as to
> Plaintiff's moderate mental limitations, which is the opinion that the ALJ gave
> most weight (Tr. 18, 400-417).  In addition to finding Plaintiff moderately limited
> with regard to concentration, persistence and pace, Dr. Marshall also found that
> Plaintiff was "able to follow simple instructions . . . ." and that Plaintiff
> "[r]etain[ed] [the] ability to do simple, repetitive tasks which minimizes new
> learnigs/chnage (sic) which is less stressful" (Tr. 416).  This narrative description
> of Plaintiff's abilities is not significantly different from the RFC found by the
> ALJ, which limited Plaintiff to "non-production oriented . . . simple, routine, and
> repetitive . . . unskilled . . . low stress . . . and no decision making required" work
> (Tr. 20).

Id. at 12-13.

Plaintiff argues that the ALJ did not account for each specific limitation that Dr. Marshall

recorded as "moderate" on his assessment (Tr. 414-415).  However, although the ALJ did not

include each item in the physician's report, the physician's ultimate RFC assessment, recorded in

the final section of the report, Tr. 416, is not significantly different from the RFC found by the

ALJ, as the Magistrate Judge concluded.

Accordingly, this objection is overruled.

4

**b.  RFC Determination / Opinion of Dr. Lazzara**

In his second objection, Plaintiff argues that the ALJ failed to fully consider the objective medical evidence, specifically, Dr. Scott Lazzara's January 6, 2010 consultative examination. Plaintiff argues that Dr. Lazzara's examination report supports an RFC determination that Plaintiff cannot perform any repetitive carrying, pushing, or pulling.  Plaintiff argues that the ALJ did not resolve the discrepancy between this opinion and her final RFC determination, which does not include these limitations.

This is a new argument raised for the first time by Plaintiff in his objections to the R&R. "It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge." Marr v. Foy, 1:07-CV-908, 2010 WL 3061297 (W.D. Mich. Aug. 3, 2010) (citing Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)).  "The Magistrates Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'"  Id. (quoting Jones–Bey v. Caruso, No. 1:07–cv–392, 2009 WL 3644801, *1 (W.D. Mich. Oct. 30, 2009)).  Because Plaintiff did not raise this argument before the Magistrate Judge in his motion for summary judgment, this argument is deemed waived.

Furthermore, even if the Court were to consider Plaintiff's argument, it is not clear to this Court that Plaintiff's description of Dr. Lazzara's opinion is accurate.  Under the question on Dr. Lazzara's examination report, "Based on your objective examination, can the patient:" Dr. Lazzara checked "Yes" next to the items "carry," "push," and "pull."  Tr. 390.  Next to these lines, in the "Comments" column, Dr. Lazzara wrote a not-fully-legible comment that may read "0 repetition."  However, Dr. Lazzara's writing is far from clear, and the remainder of the

5

examination report is more consistent with an opinion that does not include Plaintiff's argued limitation.  Dr. Lazzara wrote:

> Of note, he continues to work 15 hours per week doing stock work and this does not appear to be really causing him much problem.  His main issue appears to be more depression and a neuropsych evaluation would be helpful.

Tr. 389.   No limitation involving carrying, pushing, or pulling is mentioned in any typed comments.  Furthermore, Plaintiff's contention that the ALJ "failed to consider the only medical opinion of record" is false – the ALJ reviewed Dr. Lazzara's examination report and reported: "A contemporaneous physical exam also showed a slightly diminished range of motion of the dorsolumbar spine on extension as well as diminished reflexes in his right knee, but all other findings were within normal limits (7F4-5)."  Tr. 21.

Accordingly, this objection is overruled.   Finding no meritorious arguments to the contrary, the Court concludes that the ALJ's RFC determination was supported by objective medical evidence.

## IV. CONCLUSION

For the foregoing reasons, the Court orders that the R&R (Dkt. 18) is accepted and adopted as the findings and conclusions of the Court.  The Court further orders that Plaintiff's motion for summary judgment (Dkt. 11) is denied and Defendant's motion for summary judgment (Dkt. 15) is granted.

SO ORDERED.


Dated:  August 16, 2012                         s/Mark A. Goldsmith
        Flint, Michigan                         MARK A. GOLDSMITH
                                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 16, 2012.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager
